Joan B. Tucker Fife (SBN: 144572)
jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 559-1000
Facsimile: (415) 559-1400

Emilie C. Woodhead (SBN: 240464)
ewoodhead@winston.com
Tristan R. Kirk (SBN: 313262)
tkirk@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:    (213) 615-1700
Facsimile:    (213) 615-1750

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

LOHR RIPAMONTI LLP
Roberto G. Ripamonti (SBN 259123)
roberto.ripamonti@lrllp.com
100 Pine Street, Ste: 1250
San Francisco, CA 94111
Telephone: (415) 683-7266
Facsimile: (415) 683-7267

Attorney for Plaintiff
Mirella Babakhan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| MIRELLA BABAKHAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>U.S. BANK NATIONAL ASSOCIATION and DOES 1-50, inclusive,<br><br>    Defendants. | **Case No. 5:20-cv-04761-BLF**<br><br>(Santa Clara County Superior Court Case No. 20CV365889)<br><br>**ORDER APPROVING JOINT STIPULATION RE APPROVAL OF SETTLEMENT UNDER CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT; AND DISMISSING CASE**<br><br>Complaint Filed: March 26, 2020 |

The Parties hereto, Plaintiff Mirella Babakhan ("Plaintiff") and Defendant U.S. Bank National Association ("Defendant"), by and through their respective counsel of record, hereby stipulate as follows:

1. WHEREAS, on March 26, 2020, Plaintiff filed a Complaint for Damages ("Complaint") entitled *Mirella Babakhan v. U.S. Bank National Association*, Case No. 20CV365889, in the Superior Court of California for the County of Santa Clara (the "State Court Case"). The Complaint alleged claims for a) disability discrimination; b) failure to accommodate; c) failure to engage in the interactive process; d) wrongful termination; e) failure to maintain and provide records; f) failure to timely pay all wages due upon separation from employment; and g) failure to provide itemized wage statements (collectively, the "Non-PAGA Claims").

2. WHEREAS, on June 30, 2020, Plaintiff filed the operative First Amended Complaint for Damages (the "FAC") in the State Court Case. The FAC includes the Non-PAGA Claims and a claim seeking civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA") on behalf of herself and Defendant's other current and former employees in California for a variety of alleged wage and hour violations (the "PAGA Claim").

3. WHEREAS, on July 16, 2020, Defendant removed the State Court Case to the United States District Court for the Northern District of California, which was assigned to the Honorable Beth Labson Freeman (the "Court") as Case No. 5:20-cv-04761-BLF (the "Action").

4. WHEREAS, Defendant vigorously denies the Non-PAGA Claims, the PAGA Claim, and all allegations in the Action.

5. WHEREAS, on or about April 7, 2022, the Parties reached a resolution of the Action – including the Non-PAGA Claims and Plaintiff's *individual* PAGA Claim – through private mediation with the Honorable Elizabeth D. Laporte (Ret.) and entered into a Memorandum of Understanding setting forth the material terms of the Parties' settlement.

6. WHEREAS, the Parties have memorialized the terms of the settlement, which include: (a) a Confidential Settlement Agreement and Release (the "Confidential Settlement Agreement") that resolve Plaintiff's Non-PAGA Claims alleged in the Action; and (b) a separate Settlement Agreement and Release to resolve Plaintiff's *individual* PAGA Claim (without any admission

of fault or liability on the part of Defendant) by dismissal with prejudice upon the Court's approval and to have the remainder of Plaintiff's PAGA Claim dismissed without prejudice upon the Court's approval (the "PAGA Settlement") (collectively, the "Settlement").

7. WHEREAS, Labor Code section 2699(l)(2) requires judicial review and approval of any proposed settlement agreement involving a PAGA claim. Accordingly, attached as Exhibit A is a true and correct copy of the Parties' fully-executed PAGA Settlement.[1]

8. WHEREAS, Plaintiff and Plaintiff's counsel concluded, after taking into account the sharply disputed factual and legal issues involved in the Action, the risks attending further prosecution, the discovery conducted to date, and the substantial benefits received and to be received pursuant to the Settlement, that the Settlement is in the best interest of all interested parties and beneficiaries.

9. WHEREAS, Plaintiff's PAGA claim is primarily based on an alleged single instance of Defendant's alleged failure to provide a final paystub to Plaintiff subsequent to her termination (although Plaintiff alleges a broad variety of purported Labor Code violations that give rise to PAGA civil penalties in the FAC), and Plaintiff and Plaintiff's counsel have balanced their evaluation of the validity and strength of these asserted claims against the problems of proof, collectability, and the legal standards governing the claims alleged, and found significant risk in proceeding. Based on this evaluation, Plaintiff's counsel believes that the Settlement satisfies the public policies of PAGA and is fair to all parties and beneficiaries.

10. WHEREAS, similarly, Defendant and Defendant's counsel concluded there were benefits associated with settling. Although Defendant disputes the various allegations and claims in the Action, Defendant took into account the risk attending further defense, the expense, time, and burden of protracted litigation, and the desire to put the controversy to rest, and based on these factors Defendant and Defendant's counsel agreed to the Settlement without any admission of fault or liability.

11. WHEREAS, the PAGA Settlement Parties have entered into a settlement of Plaintiff's *individual* PAGA Claim ("the PAGA Settlement") provides for a total payment of $1000.00 for

---

[1] The Parties are also concurrently submitting the PAGA Settlement to the California Labor Workforce Development Agency ("LWDA") in compliance with California Labor Code section 2699(l)(2).

settlement of Plaintiff's *individual* PAGA Claim and the Confidential Settlement Agreement provides for an additional confidential amount for the settlement of Plaintiff's Non-PAGA Claims.

12. WHEREAS, subject to the Court's approval and in accordance with the requirements of PAGA, the settlement sum of $1,000.00 for Plaintiff's *individual* PAGA Claim will be allocated as follows:

    a. $750.00, representing 75% of the PAGA Settlement, will be paid to the LWDA in accordance with California Labor Code § 2699(i).

    b. $250.00, representing 25% of the PAGA Settlement, will be paid to Plaintiff in accordance with California Labor Code § 2699(i).

13. WHEREAS, the Parties jointly request that the Court: (a) approve the PAGA Settlement, (b) dismiss with prejudice Plaintiff's *individual* PAGA Claim and Non-PAGA Claims, and (c) dismiss without prejudice the remainder of Plaintiff's PAGA Claim as to all other putative aggrieved employees.

**IT IS SO STIPULATED.**

Dated: June 16, 2022　　　　　　　　　　LOHR RIPAMONTI LLP

By: */s/ Roberto G. Ripamonti*
　　Roberto G. Ripamonti
　　Attorney for Plaintiff
　　MIRELLA BABAKHAN

Dated: June 16, 2022　　　　　　　　　　WINSTON & STRAWN LLP

By: */s/ Tristan R. Kirk*
　　Joan B. Tucker Fife
　　Emilie C. Woodhead
　　Tristan R. Kirk
　　Attorneys for Defendant
　　U.S. BANK NATIONAL ASSOCIATION

**ATTESTATION**

I, Tristan R. Kirk, am the ECF User whose ID and password are being used to file this JOINT STIPULATION RE APPROVAL OF SETTLEMENT UNDER CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT; [PROPOSED] ORDER. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Roberto G. Ripamonti, counsel for Plaintiff, has concurred in this filing.

Dated: June 16, 2022                              WINSTON & STRAWN LLP

                                                  By: */s/ Tristan R. Kirk*
                                                       Tristan R. Kirk

**[PROPOSED] ORDER**

Upon review of the foregoing Joint Stipulation Re Approval of Settlement Under California Labor Code Private Attorneys General Act entered into by and between the Parties in the above-captioned action, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Parties' PAGA Settlement is approved pursuant to Labor Code § 2699(l). Furthermore, pursuant to the Federal Rules of Procedure, Rule 41(a)(1)(A)(ii), the Court hereby dismisses with prejudice Plaintiff's *individual* PAGA Claim and Non-PAGA Claims, and dismisses without prejudice the remainder of Plaintiff's PAGA Claim as to all other putative aggrieved employees.

DATED: June 17, 2022

_____
HON. BETH L. FREEMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between on the one hand Mirella Babakhan ("Plaintiff") and on the other hand U.S. Bank National Association ("Defendant"). Plaintiff and Defendant shall be collectively referred to as the "Parties" and may be individually referred to as a "Party."

# RECITALS

WHEREAS, on or about February 20, 2020, Plaintiff sent a letter to the California Labor Workforce Development Agency (the "LWDA") pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA") alleging, *inter alia*, that Defendant failed to timely provide Plaintiff with her final paycheck upon her separation from employment and failed to provide her with the wage statement for her final paycheck. The LWDA did not respond to the letter; and

WHEREAS, on or about March 26, 2020, Plaintiff filed a Complaint for Damages ("Complaint") entitled *Mirella Babakhan v. U.S. Bank National Association*, Case No. 20CV365889, in the Superior Court of California for the County of Santa Clara (the "State Court Case"). The Complaint alleged claims for a) disability discrimination; b) failure to accommodate; c) failure to engage in the interactive process; d) wrongful termination; e) failure to maintain and provide records; f) failure to timely pay all wages due upon separation from employment; and g) failure to provide itemized wage statements (collectively, the "Non-PAGA Claims"); and

WHEREAS, on or about June 30, 2020, Plaintiff filed the operative First Amended Complaint for Damages (the "FAC") in the State Court Case. The FAC includes the Non-PAGA Claims and a claim seeking civil penalties pursuant to PAGA on behalf of herself and Defendant's other current and former employees in California for a variety of alleged wage and hour violations (the "PAGA Claim"); and

WHEREAS, on or about July 16, 2020, Defendant removed the State Court Case to the United States District Court for the Northern District of California, which was assigned to the Honorable Beth Labson Freeman (the "Court") as Case No. 5:20-cv-04761-BLF (the "Action"); and

WHEREAS, on or about April 7, 2022, the Parties reached a resolution of the Action – including the Non-PAGA Claims and Plaintiff's *individual* PAGA Claim – through private mediation with the Honorable Elizabeth D. Laporte (Ret.) and entered into a Memorandum of Understanding setting forth the material terms of the Parties' settlement; and

WHEREAS, the Parties have memorialized the terms of the settlement, which include: (a) a Confidential Settlement Agreement and Release (the "Confidential Settlement Agreement") that resolve Plaintiff's Non-PAGA Claims alleged in the Action; and (b) this Agreement to resolve Plaintiff's *individual* PAGA Claim (without any admission of fault or liability on the part of Defendant) by dismissal with prejudice upon the Court's approval of this Agreement and to have the remainder of Plaintiff's PAGA Claim dismissed without prejudice upon the Court's approval of this Agreement (collectively, the "Settlement"); and

1

WHEREAS, the Parties reached the Settlement after extensive discovery and investigation; and

WHEREAS, the Settlement is contingent upon the Court dismissing with prejudice Plaintiff's Non-PAGA Claims and *individual* PAGA Claim and the Court dismissing without prejudice the remainder of Plaintiff's PAGA Claim; and

WHEREAS, Defendant denies the Non-PAGA Claims, the PAGA Claim, and all allegations in the Action; and

WHEREAS, the Parties wish to avoid the risk and expense of continued litigation.

In consideration of the promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Effective Date**.  This Agreement will become effective on the date that all of the following have occurred: Plaintiff executes this Agreement; *and* Plaintiff executes and does not revoke the Confidential Settlement Agreement pursuant to Paragraph 26 of the Confidential Settlement Agreement; *and* the Court issues an order approving this Agreement pursuant to Paragraph 4 below; *and* Plaintiff's *individual* PAGA Claims are dismissed with prejudice; *and* Plaintiff's remaining PAGA claims are dismissed without prejudice; *and* Plaintiff's Non-PAGA claims are dismissed with prejudice; *and* Plaintiff and her counsel each provide Defendant with a completed Form W-9 (the "Effective Date").

2. **Consideration for Dismissal With Prejudice of Plaintiff's *Individual* PAGA Claim**.  In consideration for the dismissal with prejudice of Plaintiff's *individual* PAGA Claim and all other terms, conditions, and promises in this Agreement, Defendant agrees to pay the sum of One Thousand Dollars ($1,000.00), inclusive of attorneys' fees and cost incurred by Plaintiff (the "PAGA Settlement Payment").  Seven Hundred Fifty Dollars ($750.00) (i.e. 75%) of the PAGA Settlement Payment will be paid to the LWDA and Two Hundred Fifty Dollars ($250.00) (i.e. 25%) of the PAGA Settlement Payment will be paid to Plaintiff. Defendant shall issue Plaintiff an IRS Form 1099 for her portion of the PAGA Settlement Payment. Plaintiff acknowledges and agrees that the PAGA Settlement Amount constitutes full and complete settlement of Plaintiff's *individual* PAGA Claim.

The payments described above shall be sent by overnight mail within twenty (20) days after the Effective Date.

3. **Notice to the LWDA**.  Plaintiff shall submit this Agreement to the LWDA in accordance with California Labor Code section 2699(l)(2).

4. **Court Approval and Dismissal of Action**.  Within (14) days of the execution of this Agreement, the Parties will submit a joint stipulation to the Court requesting approval of this Agreement, along with a proposed Order. For this Agreement to be effective, the Court must issue Order that: (i) approves this Agreement; (ii) dismisses Plaintiff's *individual* PAGA Claim with prejudice; and (iii) dismisses the remainder of Plaintiff's PAGA Claim without prejudice.

2

Within five (5) days of the Court issuing the Order contemplated by this Paragraph, the Parties will file a stipulation for dismissal of the Non-PAGA Claims with prejudice, which will indicate to the Court that this dismissal resolves all remaining claims in the Action and that the case can be closed. For this Agreement to be effective, the Non-PAGA Claims must be dismissed with prejudice and the case must be closed. In the event any of these conditions is not satisfied, then the entirety of this Agreement and the Confidential Settlement Agreement shall be null and void. The Parties agree to work together in good faith to achieve the satisfaction of these conditions (without altering the terms of this Agreement and/or the Settlement), including addressing any questions or comments posed by the Court during the approval process.

5. **Release of *Individual* PAGA Claim**. In consideration of the payments described above in Paragraph 2, and the other consideration being offered hereunder, the sufficiency and receipt of which Plaintiff hereby acknowledges, Plaintiff, on behalf of herself, her heirs, executors, administrators and assigns, and each of them, hereby fully and unconditionally releases Defendant U.S. Bank National Association and its parents, subsidiaries, affiliates, directors, officers, managing agents, employees, former employees, attorneys and agents, members/stockholders, representatives, benefit plan fiduciaries, assigns, and successors (collectively, the "Released Parties"), from and with respect to any and all claims, known and unknown, for civil penalties under the California Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.*, that were asserted in the Complaint and/or FAC, that were asserted in any and/or all of the letters sent to the LWDA by Plaintiff, and/or that could have been asserted in the Complaint and/or FAC based on any of the facts and/or allegations in the Complaint and/or FAC or LWDA letters. The release includes, but is not limited to, claims for PAGA civil penalties premised on: payment of wages at termination; waiting time penalties; itemized wage statements and/or accuracy of wage statements; and attorneys' fees or costs related to any or all of the foregoing (the "Released Claims"). The release shall include all the above claims through the date this Agreement is signed by Plaintiff.

6. **Confidential and Proprietary Information**. To the extent Plaintiff is subject to any agreements with Defendant regarding confidential and proprietary information, she acknowledges and agrees that she has complied with, and will continue to comply with, all such obligations under those agreements.

7. **Cooperation with Government Agencies and Regulatory Organizations**. Nothing in this Agreement (or any other policy, plan, or program of the Released Parties) is intended to, or shall be deemed to, prohibit or restrict Plaintiff in any way from communicating directly with, reporting to, cooperating with, responding to any inquiry from, or providing testimony before, the Securities and Exchange Commission, FINRA, or any other self-regulatory organization, or any other federal or state regulatory authority, or governmental agency or entity, regarding any possible securities violation or other possible violation of law or this Agreement or its underlying facts and circumstances. In addition, nothing in this Agreement is intended, or shall be deemed, to interfere with Plaintiff's ability to file a charge or complaint with the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, or any other federal, state, or local government agency or commission, including those agencies responsible for enforcing equal opportunity laws or limit Plaintiff's ability to participate in any investigation or proceeding conducted by any such agency or commission. Moreover, Plaintiff is not required to provide advance notice to, or have prior authorization from, the

Released Parties in order to engage in any of the foregoing activity referenced in this Paragraph. Without prior authorization of the Chief Legal Officer of the Released Parties, however, the Released Parties do not authorize Plaintiff to disclose to any third party (including any government official or any attorney Plaintiff may retain) any communication that is covered by the Released Parties' attorney-client or other privilege. Plaintiff further acknowledges and agrees that the consideration paid to her under this Agreement represents full and complete satisfaction of any monetary recovery against any of the Released Parties that could be sought by or awarded to her in any judicial or administrative proceeding with respect to any Released Claim and that she will not be able to obtain any monetary relief or any other remedy, including costs or attorneys' fees in connection with any such proceeding. For the avoidance of doubt, this Agreement does not limit Plaintiff's eligibility to receive an award out of monetary sanctions collected by any government agency as provided by applicable whistle-blower programs.

       8.     **Governing Law and Interpretation**.  This Agreement shall be governed in accordance with the laws of the State of California without regard to its conflict of laws provision. If any provision of the Agreement shall be held void or unenforceable, the remainder of the Agreement shall remain in full force and effect, and the Agreement shall be construed as if such void or unenforceable provision were omitted; provided that in interpreting the Agreement a court shall replace such void or unenforceable provision with an effective and legally permissible provision the effect of which shall be identical to, or as close as reasonably possible to, the effect of the original provision.

       9.     **Non-Admission of Wrongdoing**.  The Parties agree that neither this Agreement nor the furnishing of the consideration for the Agreement shall be deemed or construed at any time for any purpose as an admission by any party of any liability or unlawful conduct of any kind. The Released Parties specifically deny all of Plaintiff's claims and charges, particularly those that form the basis of the claims being released.

       10.     **Amendment**.  This Agreement may not be modified, altered, or changed except upon express written consent of all Parties wherein specific reference is made to the Agreement.

       11.     **Entire Agreement**.  This Agreement and the Confidential Settlement Agreement set forth the entire agreement between the Parties as to the subject matter of this Agreement and the Confidential Settlement Agreement, and fully supersedes any prior agreements or understandings between the Parties as to the subject matter of this Agreement and the Confidential Settlement Agreement. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to any of them in connection with the decision to accept the Agreement and/or the Confidential Settlement Agreement, except for those set forth in the Agreement and Confidential Settlement Agreement. This Agreement and Confidential Settlement Agreement shall be binding upon the Parties, their heirs, executors, successors, and assigns.

       12.     **Representations**.  Each Party represents to the other that in executing the Agreement, she or it does not rely and has not relied upon any representation or statement not set forth herein (except for in the Confidential Settlement Agreement), made by any other party or by any other party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of the Agreement or otherwise.

13. **Advice From Counsel**. The Parties acknowledge that they are represented by counsel in this matter and have sought advice from an attorney regarding the effect of this Agreement prior to signing it, or if not represented by counsel, that they were given sufficient opportunity to consult with counsel of their choosing in connection with executing this Agreement and acknowledge that each Party is hereby advised in writing to consult with any such counsel of their choosing before executing this Agreement. To the extent either Party does not consult with counsel of their choosing in connection with executing this Agreement, each Party represents and acknowledges that such choice was made freely, voluntarily, and without coercion and that such choice has no effect on the legality or binding effect of any term or provision contained in this Agreement.

14. **Authorization to Enter Into Agreement**. Each individual signing the Agreement warrants that he or she is expressly authorized to enter into the Agreement on behalf of the party or parties for which the individual signs. Upon execution, the Agreement shall be binding on the Parties.

15. **Severability**. If any of the above provisions are found null, void, or inoperative, for any reason, the remaining provisions will remain in full force and effect.

16. **Paragraph Headings**. Paragraph headings are used herein for convenience of reference only and shall not affect the meaning of any provision of the Agreement.

17. **Understanding of Agreement**. The Parties acknowledge that they have read the above paragraphs and fully understand the terms, nature, and effect of this Agreement, which they voluntarily execute in good faith, and deem to be a fair and equitable settlement of this matter.

18. **Facsimile and Counterparts**. This Agreement may be executed by facsimile (or scanned email) and in counterparts. The Agreement will be binding on the Parties once it has been fully-executed. Thereafter, the Parties shall exchange copies, and all the counterparts together shall constitute a single original Agreement.

IN WITNESS WHEREOF, The Parties hereto knowingly and voluntarily execute this Agreement as of the dates set forth below:

Dated: 5/25/2022

*DocuSigned by:* /s/ _____ (874B9B48A7A148D...)
Mirella Babakhan

Dated: May 18, 2022

U.S. Bank National Association

*Jeffery Brockmann*
By: Jeffery Brockmann

Its: Assistant General Counsel

5